MR. JUSTICE CASTLES
(dissenting):
I respectfully dissent.
In my view the determinative question is whether plaintiffs presented sufficient expert testimony to establish an issue of malpractice.
In Collins v. Utah, 160 Mont. 461, 470, 503 P.2d 36, 41, this Court said:
“* * * The well-recognized rule, subject to certain exceptions, is that there must be expert testimony to establish negligence in *244 a malpractice action.” Here, plaintiffs rely on defendant’s deposition to supply the required expert testimony. They constructed a hypothetical question which they maintain is representative of their viewpoint of the facts of this case. Plaintiffs then asked defendant if it would be acceptable medical practice to advise the patient in the hypothetical question to jump up and down on her leg. Defendant said no. Plaintiffs find a contradiction between this response and the defendant’s alleged treatment of plaintiff Sarah Baylor. Upon this premise they contend the issue of malpractice is raised and summary judgment is precluded.
I disagree. The deposition shows the defendant emphatically and persistently refused to accept the hypothetical as an accurate statement of this case. It is clear defendant perceived significant differences between the facts of this case and the assumed facts in the hypothetical. He did not intend his response to apply to the medical history of plaintiff Sarah Baylor and he explicitly said so. There is no other expert testimony as to the required standard of care or its breach by defendant.
There comes a time when the district court must be allowed to enter summary judgment. The complaint in this action was filed April 2, 1974. The summary judgment which is the subject of this appeal was entered September 30, 1975. At that time plaintiffs had still not presented an expert witness to the district court who would testify that defendant was negligent in his treatment of plaintiff Sarah Baylor.
In the absence of such expert testimony I would affirm the judgment of the district court.